UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCIA VILLACIS, individually and on behalf of others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　-against-<br><br>DELGADO'S DELI & RESTAURANT INC. and CORINA ORTIZ,<br><br>　　　　　Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**Collective Action and Class Action Complaint** |

　　　　　Plaintiff MARICA VILLACIS ("Plaintiff") individually and on behalf of other similarly situated employees by and through her attorneys, FISHER TAUBENFELD LLP, allege against Defendants DELGADO'S DELI & RESTAURANT INC. ("Delgado's"), or the "Corporate Defendant") and CORINA ORTIZ ("Ortiz" or the "Individual Defendant") (the Corporate Defendant and Ortiz are collectively "Defendants") as follows:

## JURISDICTION AND VENUE

　　　　　1.　　This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

　　　　　2.　　Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

3. Plaintiff is a resident of New York State, who was employed by Defendants from 2007 until in and about March 2018.

4. Upon information and belief, the Corporate Defendant is a domestic business corporation previously organized and existing under the laws of the State of New York and maintains its principal place of business at 1118 N. Main Street, Port Chester, NY 10573.

5. Upon information and belief, at all times relevant hereto, the Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

6. Plaintiff worked with tools and materials that travelled through interstate commerce, particularly ingredients and cooking utensils.

7. Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

8. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

9. At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

10. Upon information and belief, Defendants Ortiz resides in the State of New York and is an owner, manager, and/or employee of the Corporate Defendant.

11. Upon information and belief, the Corporate Defendant is the owner of restaurants called Paradise Deli and Delgado's, which are engaged in the business of serving food, and drinks to customers the State of New York.

12. During the relevant time, Defendants operated 5 restaurants in various locations in New York State.

13. Defendants operated the restaurants as an integrated enterprise. Upon information and belief, Defendant Ortiz owned them and they were run by the same management. Employees, including Plaintiff, worked at more than one location, and upon information and belief, the restaurants shared equipment and supplies.

14. Defendants employ cooks, dishwashers, and other employees whom, upon information and belief, are paid less than required under federal and New York State law for their work each day.

15. Upon information and belief, Defendant Ortiz is a principal and officer of the Corporate Defendant.

16. Defendant Ortiz possesses the authority to hire and fire employees, supervise their work schedules, set their rates of pay, and maintain payroll records.

17. Defendant Ortiz approves the payroll practices for Defendants' employees, including Plaintiff.

18. Defendant Ortiz possesses operational control over the restaurants and their employees through her financial control over the restaurants.

19. Plaintiff has been employed by Defendants to work as a cook within the last six (6) years.

20. Defendant Ortiz is engaged in business in the County of Westchester. She is sued individually in her capacity as an owner, officer, employee, and/or agent of the Corporate Defendant.

21. Defendant Ortiz exercises sufficient operational control over the Corporate Defendant's operations to be considered Plaintiff's employer under FLSA and New York State Labor Law ("NYLL").

22. At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

## NATURE OF THE ACTION

23. Plaintiff brings this action (a) pursuant to the FLSA and the regulations thereto on behalf of herself and other similarly situated employees who were employed by Defendants within three (3) years before the filing of the instant Complaint; and (b) pursuant to the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 146 *et seq.* on behalf of herself and other similarly situated employees who worked on or after the date that is six (6) years before the filing of the instant Complaint, based upon the following acts and/or omissions which Defendants committed:

   i. Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiff who worked in excess of forty (40) hours per week;

   ii. Defendants' failure to provide Plaintiff with spread-of-hours payments under 12 NYCRR 146-1.6;

   iii. Defendants' failure to provide Plaintiff with a wage notice and pay stubs as required by NYLL § 195; and

      iv. Defendants' failure to pay Plaintiff timely or at all for the last week of her employment in violation of NYLL § 191.

24. Plaintiff also brings a claim for unlawful deductions under NYLL § 193 arising out of Defendants' agreement to sell to Plaintiff a car in exchange for a purchase price paid in monthly installments.

25. Plaintiff agreed to make monthly payments for a specific period of time after which Defendants would provide to her the car. Defendants ultimately refused to provide her with the car.

## FACT ALLEGATIONS

### I. Defendants' Wage and Hour Violations.

26. At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

#### A. Plaintiff's Schedule and Pay.

27. Plaintiff worked for Defendants as a cook from approximately 2007 until in and about March 2018, where Defendants terminated her.

28. Plaintiff worked 6 days a week.

29. Plaintiff's official schedule was from 5:00 a.m. until 3:00 p.m.

30. However, Plaintiff regularly worked past 3:00 p.m. and usually worked until at least 4:00 p.m.

31. On days when the restaurant was filling a catering order, which was usually the case on Saturday, Plaintiff worked as late as 8:00 p.m.

32. As a result, throughout her employment, Plaintiff regularly worked more than 40 hours a week and often worked as many as 70 hours a week.

33. Nevertheless, Defendants paid Plaintiff a set weekly salary no matter how many hours she worked.

34. From 2014 until 2015, Defendants paid Plaintiff $800 a week.

35. Starting in 2015, and continuing until the end of Plaintiff's employment, Defendants paid her $900 a week.

36. Defendants rarely paid Plaintiff extra payments for her overtime hours.

### B. Additional Wage Violations Affecting Plaintiff.

#### 1. Notice and Recordkeeping Violations.

37. Defendants failed to provide Plaintiff with a wage notice or proper paystubs in compliance with NYLL § 195.

38. Defendants did not provide Plaintiff when her pay changed in 2015 with a notice specifying her rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular payday.

39. Defendants also did not provide Plaintiff with a proper paystub specifying her hourly rate of pay, the regular and overtime hours she worked, or all the other information required under NYLL § 195.

40. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

#### 2. Defendants' Failure to Pay Spread-of-Hours Payments.

41. Defendants failed to pay Plaintiff spread-of-hours payments.

42. Although Plaintiff regularly worked more than 10 hours in a day, Defendants did not pay Plaintiff for an extra hour of work at the minimum wage when Plaintiff worked more than 10 hours in a day.

### 3. Defendants' Failure to Timely Pay Plaintiff or to Pay Her At All for Her Last Week of Work.

43. Plaintiff was a manual worker under NYLL § 191 and therefore entitled to weekly pay.

44. Although Defendants agreed to pay Plaintiff weekly, they regularly paid her biweekly or monthly.

45. Further, Defendants did not pay Plaintiff anything at all for her last week of work.

### 4. Unlawful Deduction For Plaintiff's Payments for a Car.

46. In and about 2014, Plaintiff entered into an agreement with Defendant Ortiz whereby Defendant Ortiz purchased a car on Plaintiff's behalf.

47. Plaintiff agreed to pay $40,000 through installment payments to purchase the car.

48. Plaintiff made approximately 48 $830 monthly payments.

49. At the end of 2017, Plaintiff spoke to Defendant Ortiz to confirm that she only owed one more year of payments.

50. Defendant, however, advised Plaintiff that she still had to pay $27,000 in order to purchase the car.

51. After Plaintiff protested, Defendant Ortiz advised Plaintiff that she would no longer be able to purchase the car.

52. Defendants failed to comply with 12 NYCRR 195 by effectively taking deductions from Plaintiff's pay to repay a loan.

53. Defendants therefore violated NYLL § 193.

### III. Collective Action Allegations.

54. Defendants' violations of the FLSA and NYLL extend beyond the Plaintiff to all other similarly situated employees.

55. Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated current and former employees of Defendants who worked at any of their five restaurants under 29 U.S.C. § 216(b).

56. Upon information and belief, there are at least 40 cooks, dishwashers and other employees performing similar duties who have been denied overtime compensation while working for Defendants.

57. At all relevant times, Plaintiff and others who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay the statutorily required and overtime compensation for hours worked in excess of forty (40) per workweek. Plaintiff's claims stated herein are similar to those of other employees.

58. Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### III.  Class Action Allegations Under Fed. R. Civ. P. 23(b)(3) for Violations of the NYLL.

59. Plaintiff brings this action collectively on behalf of herself and other similarly situated employees who worked at any of their five restaurants but did not receive compensation required by the NYLL in respect to their work for Defendants and who have worked for the Defendants as cooks, dishwashers, and other employees within the statute of limitations.

60. Upon information and belief, this class of persons consists of not less than 40 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

61. There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether employment of Plaintiff by Defendants is subject to jurisdiction and wage and overtime requirements of the NYLL.

62. The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of Defendants.

63. Plaintiff will fairly and adequately protect the interests of the members of the class, in that her interests are not adverse to the interests of other members of the class.

64. A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

65. Plaintiff brings the second through fifth claims for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P. 23, in respect to all claims that Plaintiff and all persons similarly situated have against Defendants as a result of Defendants' violations of NYLL.

## FIRST CLAIM FOR RELIEF
**(Overtime Wage Violations under the FLSA)**

66. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

67. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

68. At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff and others similarly situated at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

69. Plaintiff seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees, and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**(Overtime Wage Violations under NYLL)**

70. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

71. New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

72. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff and others

similarly situated at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

73. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
(NYLL Failure to Notify)

74. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

75. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff and other similarly situated employees' hiring, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

76. Pursuant to §195(3) of the NYLL, Defendants are obligated to provide Plaintiff and other similarly situated employees with a wage statement, along with their pay, that specified their rate of pay, their hours worked, and the pay period.

77. Defendants failed to provide Plaintiff and other similarly situated employees with a notice or paystub in accordance with §195 of the NYLL.

78. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damages and seek damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as

provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
### (NYLL Untimely Payment of Wages)

79. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

80. NYLL § 191 requires that manual laborers be paid weekly.

81. Defendants failed to do so.

82. In addition, Defendants failed to pay Plaintiff for her last week of pay.

83. As a direct and proximate result of Defendants' unlawful conduct as set forth herein, Plaintiff and other similarly situated employees have sustained damages and seek recovery of their tips in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### FIFTH CLAIM FOR RELIEF
### (NYLL Unpaid Spread-of-Hours)

84. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

85. Pursuant to 12 NYCRR 146-1.6, Defendants had an obligation to compensate Plaintiff and other similarly situated employees for one hour's pay at the minimum wage for each day he worked more than 10 hours.

86. Although Plaintiff regularly worked more than 10 hours in a day, Defendants failed to compensate Plaintiff and other similarly situated employees for one hour's pay at the minimum wage.

87. As a direct and proximate result of Defendants' unlawful conduct as set forth herein, Plaintiff and other similarly situated employees have sustained damages and seek recovery for spread-of-hours pay in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
### (NYLL Unlawful Deductions on Behalf of Plaintiff Only)

88. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

89. Pursuant to NYLL §193, it was unlawful for Defendants to deduct from Plaintiff's wages unless the deductions were for her benefit and were authorized in writing by Plaintiff.

90. Defendants routinely deducted from Plaintiff's wages in contravention of NYLL §193 by having Plaintiff make installment payments purportedly to purchase an automobile.

91. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damage and seeks recovery for unlawful deductions in an amount to be determined at trial, attorneys' fees, costs, liquidated damages, and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Plaintiff's costs and reasonable attorneys' fees; and

E. Any relief the Court deems just and proper.

Dated: January 11, 2021
      New York, New York

                                    Respectfully submitted,

                                    Michael Taubenfeld
                                    FISHER TAUBENFELD LLP
                                    225 Broadway, Suite 1700
                                    New York, New York 10007
                                    Phone: (212) 571-0700
                                    Facsimile: (212) 505-2001
                                    *ATTORNEYS FOR PLAINTIFF*